Third Department, November, 1941.
(November 12, 1941.)

Anna Honebein, Appellant, *v.* Village of Monticello and Town of Thompson, Respondents.

Crapser, Bliss, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents, in an opinion.

Hill, P. J. (dissenting). The issue is whether or not plaintiff is a riparian owner of lands under Kiamesh, lake adjacent to her uplands. The course in the deed which is determinative of the issue reads: " Thence north twenty-six degrees and thirty minutes west two chains and fifteen links to a soft maple tree on the edge of Kiamesha Lake, thence along lake south forty-four degrees and thirty minutes west one chain and eighty-six links to the end of a stone wall between the lake and the highway." " Where the grant is so framed as to touch the water of the river and the parties do not expressly except the river, if it be above tide, one-half the bed of the stream is included by construction of law. If the parties mean to exclude it, they should do so by express exception." (*Luce* v. *Carley,* 24 Wend. 451.) The restriction ought to be framed in very plain and express words. (*White* v. *Knickerbocker Ice Co.,* 254 N. Y. 152, 156; *Gouverneur* v. *National Ice Co.,* 134 id. 355; *Seneca Nation of Indians* v. *Knight,* 23 id. 498.) " The description which runs the boundary *by* the river or pond, or which is so framed as to *touch* the water of the river or pond, carries title to the center thereof. It is not a clear and express restriction of the title to the upland." (*White* v. *Knickerbocker Ice Co., supra,* 157.) In *Gouverneur* v. *National Ice Co. (supra)* one of the courses discussed is: " Thence running north nineteen degrees west fourteen chains, forty links * * * to a birch sapling marked, on the east side of Hinckley pond; * * * to a bunch of basswood sprouts marked at Abiol Crosby's corner." The opinion cites *Child* v. *Starr* (4 Hill, 375) and quotes from the chancellor: " ' running to a monument standing on the bank, and from thence by the river or along the river, etc., does not restrict the grant to the bank of the stream, for the monuments in such cases are only referred to as giving the direction of the lines to the river, and not as restricting the boundary on the river.' " The opinion also cites *Seneca Nation of Indians* v. *Knight (supra),* quoting from the opinion as follows: " ' Thence * * * to a post standing on the north bank of the Cattaraugus creek; thence down the same and along the several meanders thereof to the place of beginning.' " The opinion observes then as a conclusion, " It was held that the grant was to the center of the creek."

The description in appellant's deed earlier quoted runs " to a soft maple tree on the edge of Kiamesha Lake." This under the *Gouverneur, White, Child* and *Seneca* cases means that the line touched the lake. The boundary from that maple tree is " thence along lake " and the fact that a course and distance is

○

given does not detract from the force of the statement " thence along lake." I quote from the *Gouverneur* case (*supra*, 367): " Inasmuch as a boundary by or along a water course is effectual to take the grant by legal construction to its thread, it would seem that the application of the courses and distances of the boundary along the water of the stream may not be treated as qualifying the effect which would be given to the grant if they were omitted." *Fulton Light, Heat & Power Co.* v. *State of New York* (200 N. Y. 400); *Stewart* v. *Turney* (237 id. 117) state as a rule that if the grantor desires to retain title to the land under water, he must do so by express words or by a description which excludes it from the land conveyed and that when the description runs the boundary by or along a river, lake or pond, title is granted to the center thereof. The boundary contained in each of the deeds since 1906 has been " along lake." In a deed dated November 12, 1896, the course was " thence along the selvedge of the lake." Selvedge is the edge of the lake. The edge of the lake is water, and is synonymous with a boundary " by the lake." (*White* v. *Knickerbocker Ice Co.*, *supra*, 157, 158.)

The claim of title by adverse possession made on behalf of the village should not be sustained. Plaintiff has maintained a dock which extended into the waters of the lake to which boats were tied and from which trips were taken. It is not necessary for a riparian owner to bathe in the water adjacent to his upland in order to retain title. (*White* v. *Knickerbocker Ice Co.*, *supra*, 159, 160.)

This is not a contract action, and notice of claim under section 321-b of the Village Law is not required.

The judgment in favor of the defendant should be reversed on the law and facts and judgment granted for the plaintiff. The findings requested by the plaintiff as appears in the case on appeal should be made and those in favor of the defendant, in so far as they are at variance with the proposals of the plaintiff, reversed.